IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| LARRY D. STEWART, | ) | CASE NO.1:23-CV-02215 |
| | ) | |
| PETITIONER, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| HAROLD MAY, Warden, | ) | |
| | ) | **ORDER** |
| | ) | |
| RESPONDENT, | ) | |

I.     **Introduction**

This matter was referred to me for the preparation of a Report and Recommendation regarding Petitioner Larry D. Stewart's ("Stewart") November 15, 2023 petition for a writ of habeas corpus. (ECF Docs. 1, 3; non-document entry of Apr. 2, 2024). Respondent Warden Harold May ("May") filed a Return of Writ on February 20, 2024. (ECF Doc. 8). On May 3, 2024, Stewart filed a Motion for Extension of Time to file his Traverse and a Motion for Leave to Amend Habeas Petition Pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure. (ECF Docs. 10 and 11). May filed a response to Stewart's Motion for Leave to Amend on May 17, 2024. (ECF Doc 12). For the following reasons, I grant Stewart's Motion for Leave to Amend Habeas Petition in part so that he may amend his petition regarding his second ground for relief related to the sentencing court's April 29, 2021 nunc pro tunc entry. Because I have

1

granted him leave to amend his petition, I deny as moot the Motion for Extension of Time to file his Traverse.

## II.  Background

In his November 15, 2023 petition for writ of habeas corpus, Stewart asserted the following two grounds for relief:

> GROUND ONE: The State of Ohio's failure to disclose to the defense, prior to and during trial, Supplemental Investigative Reports written by the lead investigative detective, which contradicts his testimony that three witnesses' identified petitioner from a photo-array as their assailant, violated his due process rights under the Fourteenth Amendment of the United States Constitution as recognized in Brady v. Maryland.
>
> GROUND TWO: Petitioner was denied protections against double jeopardy when the Cuyahoga County Common Pleas Court resentenced him to a new term of imprisonment for Count One Aggravated-Murder without credit for the time served, a violation of the fifth and Fourteenth Amendment to the United States Constitution.

(ECF Doc. 1, PageID 18, 24).

Stewart's motion for leave to amend proposes to "expand the supporting facts raised" in his original petition and to add the following ground for relief:

> The Police Detective acted in bad faith when he concealed his failure to preserve potentially useful evidence, which denied Petitioner of his rights to the Confrontation Clause of the Sixth Amendment to the United States Constitution, and the Due Process Clause of the United States Constitution.

(ECF Docs. 11 and 11-1, PageID 430, 437). Stewart's motion does not state why he did not include the expanded facts or the additional ground for relief in his original petition.

## III.  Discussion

### A.  Motion for Leave to Amend Habeas Petition as Presented

"Habeas Corpus Rule 11 permits application of the Federal Rules of Civil Procedure in habeas cases 'to the extent [the civil rules] are not inconsistent with any statutory provisions or

[the habeas] rules.'" *Mayle v. Felix*, 545 U.S. 644, 645 (2005). Federal Rule of Civil Procedure 15 governs motions to amend petitions for writs of habeas corpus. *See* 28 U.S.C. § 2242; *Mayle*, 545 U.S. at 655. Under Rule 15(a)(1) a party may amend his or her pleading once as a matter of course within 21 days after serving it; or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading. Rule 15(a)(2) provides that in all other cases, a party can amend with the opposing party's written consent or leave of court. Rule 15(a)(2) further states that court's "should freely give leave when justice so requires."

Stewart seeks leave of court to amend his habeas petition to add a new ground for relief and expand the supporting facts related to police conduct during the homicide investigation. (ECF Doc 11-1, PageID 432-38). Stewart asserts that the new ground is pursuant to *Arizona v. Youngblood*, 488 U.S. 51 (1988) due to police failure to preserve evidence. (ECF Doc. 11, PageID 430). In opposition to Stewart's motion, May argues that Stewart's grounds are either second or successive, do not relate back, or that amendment would be futile and unduly prejudice him. (ECF Doc. 12).

In his application, Stewart asserts that his petition is not second or successive and therefore he does not need circuit court authorization before filing his petition because the April 29, 2021 nunc pro tunc entry amounted to a new judgment. (ECF Doc. 1, PageID 4). It is well established "that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 333 (U.S.,2010). I find that the nunc pro tunc entry at issue here is not a new judgment, and thus Stewart is not exempt from the gatekeeping provisions of 28 USC § 2244.

Generally speaking, a nunc pro tunc entry is not considered a new judgment because it is a mechanism used by the sentencing court to correct a clerical mistake in its journal entry. "The

3

phrase 'nunc pro tunc' means 'now for then' and 'refers to situations in which the court's records do not accurately reflect its actions.'" *Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016), quoting *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). The nunc pro tunc entry in this case was issued to accomplish just that. The entry served to correct a clerical error in the sentencing court's sentencing journal entry. In fact, the sentencing court issued the nunc pro tunc at Stewart's request. Stewart moved the sentencing court to "correct sentencing journal entry" arguing in relevant part that, "[a] trial-court's failure to incorporate what occurred at a sentencing hearing into a sentencing journal entry is a 'clerical mistake' that may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." Motion to Correct Sentencing Journal Enty Pursuant to Crim.R. 36 at 2, *State of Ohio v. Stewart*, CR-96-340429-A (Cuyahoga Cty. Ct. Com. Pl., Apr. 1, 2021) (internal citations omitted). Accordingly, on April 29, 2021, the court docketed a nunc pro tunc to reflect what actually happened in open court, correcting Stewart's sentence from "30 Y[EA]RS TO LIFE" to "LIFE IMPRISONMENT WITH PAROLE ELIGIBILITY AFTER SERVING 30 FULL YEARS OF IMPRISONMENT." Nunc Pro Tunc Entry As Of And For 09/04/1997, *State of Ohio v. Stewart*, CR-96-340429-A (Cuyahoga Cty. Ct. Com. Pl., Apr. 29, 2021).

"When courts use nunc pro tunc entries in this manner—to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records—we do not regard the corrected entries as new judgments for purposes of the second or successive requirements. To hold otherwise would turn those requirements into a game of 'I Spy,' where the petitioner best able to catch the court's technical errors will earn himself a free pass (maybe many free passes) into federal court." *In re Stansell*, 828 F.3d 412, 420 (C.A.6, 2016). The change made pursuant to the nunc pro tunc entry in question is not the "type of change [that]

4

alters the sentence 'pursuant to' which the petitioner is 'in custody.'" *Id.* quoting 28 U.S.C. § 2254(a) (emphasis omitted); *see State v. Leegrand*, 212 N.E.3d 869, 871 (Ohio 2022) (holding the best "practice for a sentencing court would be to use the specific language of the statute, doing otherwise is not error when . . . the sentencing entry conveys the exact same meaning as the statutory language" when determining if a life tail sentence complied with statutory sentencing mandate); *but compare Crangle v. Kelly*, 838 F.3d 673, 680 (6th Cir. 2016) (finding a nunc pro tunc entry that imposed a term of post-release control was not "merely the correction of a clerical error.").

Therefore, Stewart is not petitioning from a new judgment which would render the gatekeeping provisions of 28 USC § 2244 inapplicable to his petition. Accordingly, this court cannot grant the relief as requested in Stewart's motion.

**B.     Motion for Leave to Amend as Justice Requires**

While this Court cannot grant the specific relief Stewart requested, it may grant leave to amend when justice so requires, as is the case here. Justice requires this Court grant Stewart leave to amend his habeas petition regarding the nunc pro tunc ground because, "a claim that would have been unripe if it had been presented in an earlier application, but ripened after an earlier habeas petition had been rejected, is not second or successive." *In re Bonnell*, No. 17-3886, 2018 WL 11298156, at *1 (6th Cir. Dec. 4, 2018) citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007). The Sixth Circuit recently reviewed a case similarly situated to the one before this Court in *In re Boler-Bey*, No. 22-3542, 2022 U.S. App. LEXIS 3287 (6th Cir. Nov. 29, 2022). The *Boler-Bey* court found that a petitioner did not need authorization to file a claim related to the trial court's issuance of a nunc pro tunc entry in a second in time habeas petition when that claim was not ripe when he first petitioned for federal habeas corpus relief. *Id.* at *5.

5

Accordingly, justice so requires that Stewart's motion for leave to amend his habeas petition be granted in part so that he may amend his petition to encompass only the nunc pro tunc ground for relief. Stewart is granted until Monday, July 8, 2024 to file an amended petition if he wishes to pursue only the nunc pro tunc ground. If Stewart wishes to pursue his *Brady* and *Youngblood* grounds, he must seek circuit court authorization before this court has jurisdiction to review those grounds. *See* 28 USC § 2244(a)(3)(A).

## IV. Conclusion

For the above stated reasons, Stewart's Motion for Leave to Amend Habeas Petition Pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure is granted in part. Stewart's Motion for Extension of Time to file his Traverse is denied as moot due to the granting of the Motion for Leave to Amend.

**IT IS SO ORDERED.**

Dated: June 6, 2024

Reuben J. Sheperd
United States Magistrate Judge